IN THE

# SUPREME COURT

OF

# NEW JERSEY.

## SEPTEMBER TERM, 1790

---

[35] DORSEY AND ANOTHER v. KOLLOCK.

Papers containing distinct settlements, at different times, and the sums due each time stated; the last settlement, *prima.facie*, includes and extinguishes the first. It is, however, a question of fact for the jury to decide, from all the circumstances of the case.

This action was brought to recover the amount of two due-bills signed by defendant. On the first, it appeared to have been written—

"2d May, 1788. Settled; due £89-6-0."

On the second,

"10th Sep., 1788. Settled, and due, specie, £91-6-6."

"and paper, £10-1-9."

*A. Ogden,* for defendant, stated that these were not distinct balances due, but the last bill included the first, and amounted in law to an *insimul computassent;* and he prayed the court to charge the jury accordingly.

40

Hastings v. Mayberry.

PER CURIAM. These different papers must *prima facie* be considered as evidence of general settlements at the time of their respective dates. The term "settled," implies a general, not "special account." If a man will create evidence against himself, it is better he should suffer, than that a general and correct rule of evidence be violated. Circumstances, however, may be shown in evidence to rebut this presumption of the law; and one very material fact among others shown for the consideration of the jury in the present case, is, that *both* bills remain in the possession of the plaintiff. The jury are to consider the evidence, and weigh all the circumstances; if they think one is included in the other, their verdict will only be for the amount of the last; if not, for both.

Verdict for both bills claimed.